Argued April 8, affirmed April 22, 1919.

## WARREN *v.* SMITH.

(180 Pac. 97.)

**Landlord and Tenant—Action for Rent—Instructions—Surrender of Lease.**

1. In an action to recover rent reserved under a lease, where the defense was acceptance of surrender of the lease by the lessor, instructions defining surrender by operation of law, and specifying numerous acts which would not alone warrant a finding of surrender, *held* fully and fairly to present that issue to the jury.

**Trial—Instructions—Exclusion of Issues.**

2. Where a tenant claimed release from payment of the rent under a certain contract, and also by surrender by operation of law, an instruction that the burden was on the tenant to show release, and that he claimed release under the contract, was properly refused as depriving defendant of his other defenses.

**Trial—Instruction—Evidence.**

3. An instruction that plaintiffs could recover rent under a lease to a specified date was properly refused, where there was evidence from which the jury could infer a surrender of the lease by operation of law at an earlier date.

From Multnomah: ROBERT TUCKER, Judge.

Department 2.

On March 17, 1911, plaintiffs executed a written lease of a certain building known as No. 201 and 201½ East Twenty-fourth Street, and all buildings on Lot 18, Block 38 of Sunnyside, in the City of Portland, to Samuel H. Smith, Chester A. Smith and Otis S. Smith, partners doing business as S. H. Smith & Sons, for a period of five years from April 1, 1911, at an agreed rental of $50 per month, payable in advance. On June 6, 1916, for failure to pay the stipulated rent the plaintiffs commenced this action alleging the partnership, the execution of the lease to the defendants and that rent for the period of twenty-eight months and a balance of $8 for the month of November, 1913, was due and owing. A copy of the lease was attached to the complaint as an exhibit.

Service was made upon the defendant S. H. Smith only, who appeared and filed his answer, in which he admitted the partnership and the execution of the lease as alleged, and denied all other material allegations of the complaint. For a further and separate answer he alleged that about March 15, 1912, he assigned all of his right, title and interest in the lease to Smith Brothers and Goodman, a partnership consisting of Chester A. Smith, Otis S. Smith and Ralph V. Goodman; that after that date he did not have any interest in or connection with the lease in question;

"that said plaintiffs recognized and accepted said assignment of the interest of this defendant in said lease of the premises described therein and accepted the rentals of said premises from the firm of Smith Bros. and Goodman, and accepted said firm as tenants and lessees thereon, and thereby released this defendant from liability under said contract of lease";

that about January 2, 1913, Otis Smith assigned his interest in the lease to Chester A. Smith, who thereby became the exclusive lessee and tenant of the premises; and that in April, 1913, the plaintiffs entered into a new contract with Chester A. Smith by which the firm of S. H. Smith & Sons and the defendant S. H. Smith in particular were released from any obligation then existing under the lease.

To the answer the plaintiffs filed a reply in which they denied such allegations, upon information and belief, and made a specific denial of paragraph 5 thereof, in which it is alleged that "large sums of money from sundry and divers persons, the exact amount of which this defendant does not know" were paid on the lease.

When plaintiffs rested, defendant moved for a nonsuit, and after all testimony was taken plaintiffs moved for a directed verdict. Both motions were overruled.

After receiving its instructions, the jury returned a verdict for the defendant, upon which judgment was entered and from which the plaintiffs appealed, claiming that the court committed error in refusing to instruct the jury to return a verdict for the plaintiffs and to give their requested instructions numbered 7 and 8, as follows:

"(7.) The lease being admitted, the burden is on the defendant to prove that he has been released from his obligation to pay the rent stipulated for the entire term. Defendant claims that he has been released from this payment by reason of a contract entered into between plaintiffs and Chester A. Smith. I instruct you that there has been no proof of any such contract."

"(8.) Defendant further claims that he surrendered his lease to plaintiffs who accepted such surrender. I instruct you that no evidence has been offered sufficient

to show any such surrender prior to September, 1915. I therefore instruct you that plaintiffs are entitled to recover from defendant all unpaid rentals on this lease until September 1, 1915, amounting, as appears by the undisputed testimony, to $1058.''          AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. M. B. Meacham.*

For respondents there was a brief and an oral argument by *Mr. H. B. Adams.*

JOHNS, J.—At the inception of the trial, for the reason that it had not been pleaded as a defense, objection was made to the introduction of any testimony tending to show that the plaintiffs had released the property in September, 1915, but when the letters were offered in evidence, tending to show a releasing and that another lease of the property was actually executed by the plaintiffs to a third person, their counsel expressly stated there was "no objection" and the evidence was received without objection and the case was tried by the defense upon the theory that the subsequent acts and conduct of the plaintiffs, after the assignment of the original lease by S. H. Smith to Smith Brothers and Goodman, amounted to a surrender of the original lease by operation of law as to S. H. Smith at the time he sold out and retired from the firm and that he was then discharged from any further liability. The plaintiffs disputed that contention and claimed that he was yet liable for the amount of the unpaid balance of the rental under the terms of the original lease.

That was the issue upon which the case was tried, upon which the court instructed the jury, and the jury found for the defendant.

1. It appears from the bill of. exceptions that "counsel for both parties state that there was no express surrender of the lease." The jury was then instructed that it was a question of intent as to whether there was a surrender by operation of law, concerning which the court gave the following instruction:

"The mere negotiations for a reduction of rent not followed up by a contract would not be a fact in itself warranting such a conclusion of a surrender. The fact of turning over the keys would not in itself be sufficient. But you gentlemen are to determine from all these facts and all these circumstances what was in the minds of the parties at this time, what was the intention of the parties in this conduct which has been produced here before you."

The court also instructed the jury "as a matter of law that the assignment of the lease by defendant S. H. Smith in itself could not release him from the payment of the rent without the release of him by the plaintiff," and the fact that Mr. Smith "sold his interest in the lease to other parties, with or without the consent of the plaintiff, would not necessarily imply that he was releasing Mr. Smith from the operation of the original lease," and that the reduction of the rent in itself would not be such a fact as would release the defendant S. H. Smith, and that the mere negotiations for a reduction of rent, not followed up by a contract, would not be a fact in itself warranting such a conclusion of a surrender. The court gave this instruction:

"A surrender takes place by operation of law when the parties, without an express surrender, do some act which implies that they have mutually agreed to consider a surrender made, and when the keys are delivered and the possession resumed by the plaintiff, it is for you to determine whether the possession is of an exclusive character, with the apparent intention of keeping and controlling the premises as plaintiff's

own property, to the exclusion of the tenant in case the tenant desires to return."

No exceptions were taken to any of the instructions which were given by the court.

The question as to whether there had been a surrender by operation of law was fully and fairly submitted to the jury, and there is ample evidence to sustain the verdict.

2. There was no error in refusing to give plaintiffs' requested instruction number 7. Under that instruction the defendant would be deprived of all other defenses and the only question for the jury to determine would be whether he was released "from this payment by reason of a contract entered into between plaintiff and Chester A. Smith."

3. There was no error in refusing plaintiffs' requested instruction number 8. That would exclude from the jury all testimony of a surrender "prior to September, 1915," and in legal effect would instruct the jury to return a verdict for plaintiffs for $1,058, and the amount claimed at the trial was $1,408.

After a careful consideration of the record, we think the plaintiffs had a fair trial and that there was ample evidence from which the jury could find there was a surrender of the lease by operation of law.

Judgment is affirmed.          AFFIRMED.

McBRIDE. C. J., and BEAN and BENNETT, JJ., concur.